1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL BAZLEY,                         No.  2:13-cv-0814 AC P

12                  Plaintiff,

13          v.                               ORDER

14   RICK HILL, Warden,

15                  Defendant.

16

17          Petitioner, a California state prisoner at the time he filed this action, proceeds pro se and

18   seeks relief from his sentence pursuant to 28 U.S.C. § 2254.  The habeas petition presents a single

19   claim: that petitioner's three-year sentence for identity theft was improperly "enhanced" on the

20   basis of a constitutionally infirm prior conviction.  ECF No. 1 at 4-5.  Petitioner expressly

21   challenges his sentence only, and not the underlying Sacramento County conviction.  Id. at 1.

22   Respondent has answered, ECF No. 18, and petitioner filed a response, ECF No. 21.

23          The court has an obligation to examine its jurisdiction, and may raise the issue sua sponte.

24   Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002).  Federal habeas jurisdiction lies for

25   constitutional challenges to the fact or duration of a state prisoner's confinement.  Preiser v.

26   Rodriguez, 411 U.S. 475, 487-88, 490 (1973); Bailey v. Hill, 599 F.3d 976 (9th Cir. 2010); Young

27   v. Kenny, 907 F.2d 874, 876 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991).  Habeas

28   jurisdiction is absent where a prisoner challenges a condition of confinement that does not

                                              1

1  directly implicate the duration of the sentence.  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir.

2  2003), cert. denied, 541 U.S. 1063 (2004).

3          In this case, the allegedly invalid prior conviction was not used as a sentencing

4  enhancement in the end, and thus had no direct effect on the three-year term of imprisonment to

5  which petitioner was sentenced.[1]  Petitioner challenges not the length the sentence imposed but

6  that fact that he was ordered to serve it in state prison rather than in county jail pursuant to the

7  "realignment" statute.  ECF No. 1 (petition) at 4.  This court accordingly may lack jurisdiction to

8  entertain the petition.  If so, the court may not consider the merits of the claim, and it also may be

9  unnecessary to reach the various bars to relief asserted in the answer.  However, petitioner

10  appears to allege that if he had been permitted to serve his sentence in a county jail facility he

11  would not have been subject to a term of parole supervision following his release from custody.

12  Id. at 5.  The undersigned is unable to determine from the pleadings whether petitioner's

13  ineligibility for county jail custody had a necessary effect on the actual duration of his

14  confinement or on the total period of time during which he was (or is) under sentence.

15          Accordingly, Respondent is HEREBY ORDERED to file a letter brief not exceeding three

16  pages in length, within 14 days, addressing the effect, if any, of petitioner's commitment to state

17  prison rather than county jail on (a) the amount of time spent in custody, and (b) the amount of

18  time spent under continuing criminal sentence following release, with or without active

19  supervision.  Petitioner may file a reply within 14 days of service with Respondent's letter brief.

20  DATED: January 30, 2015

21                                                                  _____

22                                                                  ALLISON CLAIRE
                                                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28  _____
    [1] See RT 1-4 (change of plea), 9A (sentencing); CT 72 (abstract of judgment).