UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAZLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RICK HILL, Warden,<br><br>　　　　　Defendant. | No. 2:13-cv-0814 AC P<br><br>ORDER & FINDINGS AND RECOMMENDATIONS |

Petitioner, who was a California state prisoner at the time he filed this action, proceeds pro se and seeks relief from his sentence pursuant to 28 U.S.C. § 2254. The habeas petition presents a single claim: that petitioner's three-year sentence for identity theft was improperly predicated on a constitutionally infirm prior conviction. ECF No. 1 at 4-5. Petitioner expressly challenges his sentence only, and not the underlying Sacramento County conviction. Id. at 1. Respondent has answered, ECF No. 18, and petitioner filed a response, ECF No. 21.

BACKGROUND

The California Court of Appeal provided the following summary of the relevant facts:

> Between February 13, 2012, and February 22, 2012, defendant Michael Bazley stole checks belonging to Kathleen Rosing and deposited them in his bank account. As a result, SAFE Credit Union suffered a $400 loss and Golden 1 Credit Union incurred a loss of $3,799.73.

> Defendant was charged with second degree burglary (Pen.Code, § 459), possession of a completed check or other financial instrument with intent to utter or pass it fraudulently (§ 475, subd. (c)), and identity theft (§ 530.5, subd. (a)) with an allegation that he had a prior conviction for a serious felony under the "Three Strikes" law — a 1967 Louisiana conviction for armed robbery. Pursuant to a negotiated plea, defendant pled no contest to identity theft with a stipulated sentence of three years in state prison in exchange for dismissal of the remaining charges and the strike allegation. The trial court sentenced defendant to the stipulated three-year state prison term, imposed various fines and fees, ordered defendant to pay $4,199.73 in victim restitution, and awarded 402 days' presentence credit (201 actual and 201 conduct).

Lodged Doc. 10 at 1-2.

In Superior Court, prior to sentencing, petitioner filed a pro se "Motion Challenging the Validity Of Prior Convictions Used To Den[y] Realignment Sentence." CT 19.[1] This motion asserted that petitioner was actually innocent of one Louisiana conviction and that there were no original court records sufficient to establish the existence of another. Id.

Judgment was entered and sentence pronounced on November 9, 2012. CT 72. On direct appeal, appointed counsel filed a brief pursuant to People v. Wende, 25 Cal. 3d 436 (1979). Lodged Doc. 8. Petitioner filed a pro se supplemental brief arguing that the 1965 prior conviction was invalid because he had been denied his right to counsel in that proceeding. Lodged Doc. 9. The California Court of Appeal affirmed the conviction on May 21, 2013. Lodged Doc. 10. Petitioner filed a pro se petition for review in the California Supreme Court, Lodged Doc. 11, which was denied on July 24, 2013, Lodged Doc. 12.

During the pendency of his appeal, petitioner also sought collateral relief on the same or similar grounds. He filed a habeas petition in Sacramento County Superior Court on November 16, 2012, Lodged Doc. 1, which was denied on January 2, 2013, Lodged Doc. 2. On January 14, 2013, petitioner filed a petition for writ of mandate in the California Court of Appeal. Lodged Doc. 3. The Court of Appeal denied review on January 24, 2013. Lodged Doc. 4. Petitioner filed a habeas petition in the California Supreme Court on February 12, 2013, Lodged Doc. 5, and filed Supplemental Grounds for Relief in that court on March 7, 2013. The California Supreme Court denied the petition on April 17, 2013.

---

[1] "CT" refers to the Clerk's Transcript on Appeal, lodged on September 3, 2013.

1  The federal petition was filed, by operation of the prison mailbox rule, on April 23, 2013.[2]

PETITIONER'S CLAIM

Petitioner alleges that he was unconstitutionally denied a "realignment sentence" based on an invalid prior conviction. ECF No. 1 at 4. He claims that his 1965 (or 1967[3]) Louisiana conviction was constitutionally infirm because he was unrepresented and had not waived the right to counsel. Id. at 5.

DISCUSSION

Respondent provides several alternate grounds for denial of the petition: First, that the claim is barred by Tollett v. Henderson, 411 U.S. 258, 267 (1973) (holding that a guilty plea extinguishes all claims other than those going to the validity of the plea); second, that the claim is barred by Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001) (holding that a petitioner generally may not challenge an enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained); third, that the claim is procedurally barred; and fourth, that the claim fails on the merits. Before considering any of these contentions, the court first addresses a jurisdictional issue that it raised sua sponte.

I.  Subject Matter Jurisdiction

The undersigned requested briefing of the question whether petitioner's challenge to his sentence implicated the fact or duration of his custody so as to support habeas jurisdiction. ECF No. 25. The question arose because the petition alleges that consideration of an invalid prior conviction resulted in petitioner serving his sentence in state prison rather than in county jail, which would otherwise have been ordered pursuant to California's "realignment" plan. Federal habeas jurisdiction lies for constitutional challenges to the fact or duration of a state prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 487-88, 490 (1973); Bailey v. Hill, 599 F.3d 976 (9th Cir. 2010); Young v. Kenny, 907 F.2d 874, 876 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991). Habeas jurisdiction is absent where a prisoner challenges a condition of

---

[2] See Houston v. Lack, 487 U.S. 266, 270 (1988).
[3] The superior court record includes references to distinct 1965 and 1967 Louisiana convictions. The record is inconsistent regarding which of these two priors was and is at issue. For the reasons explained below, it makes no difference.

1   confinement that does not directly implicate the duration of the sentence.  Ramirez v. Galaza, 334

2   F.3d 850, 859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).  Because it appeared that

3   petitioner was challenging the identity and location of his (former) custodial institution rather

4   than the duration of his custody, the court directed respondent to address the question whether

5   petitioner's commitment to state prison affected the amount of time that he spent imprisoned or

6   the amount of time spent under continuing sentence following release.  ECF No. 25.

7        Respondent has replied, explaining among other things that petitioner's commitment to

8   state prison meant that he was discharged from prison to post-release community supervision

9   pursuant to Cal. Penal Code § 3450 et seq.  Had petitioner been sentenced to county jail, all

10  custody would have ceased upon completion of his jail term.  Accordingly, respondent takes the

11  position that petitioner's claim implicates the duration of his total period of active and

12  constructive custody and thus supports subject matter jurisdiction.  ECF No. 26.

13       The undersigned is satisfied that petitioner's claim is cognizable in habeas, because the

14  alleged error affected the duration of his total criminal sentence – incarceration and parole – and

15  not just the location of his imprisonment.

16       II.     <u>Petitioner's Claim Is Barred By His Guilty Plea and Attendant Sentencing Stipulation</u>

17       Petitioner pled nolo contendere to one count of identity theft,[4] as part of a negotiated

18  disposition in which two other counts were to be dismissed and the charged Louisiana prior was

19  to be considered only for purposes of county jail ineligibility.  CT 5 (Minute Order – Plea); RT 1-

20  2[5] (change of plea hearing)[6].  At the change of plea hearing, petitioner said he understood that he

21  would be sentenced to a three year prison term followed by up to four years of parole.  RT at 3-4.

22  At the sentencing hearing, the court noted that the plea bargain included "an agreement that the

23

---

[4] Under California law, a plea of nolo contendere has the same legal effect as a guilty plea for all purposes.  Cal. Penal Code § 1016(3).
[5] "RT" refers to the Reporter's Transcript on Appeal, lodged on September 3, 2013.
[6] The judge actually stated, "[T]he People will not be seeking the strike other than for the state prison ineligibility."  RT 2:1-3.  She obviously misspoke, and meant "county jail ineligibility" or "state prison commitment."  See CT 33-37 (prosecutor's bench brief, stating that defendant's prior was to be used only for purposes of Penal Code § 1170(h), governing eligibility to serve felony sentence in county facility).

1  defendant did have a prior strike which disqualified him from serving his time locally, and this
2  will be a three-year prison term." RT 9A.  This record establishes beyond dispute that petitioner
3  agreed as part of his plea deal that a prior Louisiana conviction would make him ineligible to
4  serve the stipulated sentence in county jail.[7]

Having agreed as part of a negotiated plea that the prior could be considered for purposes of county jail ineligibility, petitioner may not now claim that such consideration violated his constitutional rights.  As the Supreme Court has explained,

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea….

Tollett, 411 U.S. at 267.

This principle applies with full force in the present context.  Although the sentencing error asserted here is not a "pre-plea" error in the usual sense, the sentencing stipulation was part of the plea agreement which was negotiated prior to the entry of the plea.  Accordingly, petitioner's right to challenge his sentence and/or consideration of the prior was extinguished, along with any challenges to the identity theft conviction, when petitioner pled guilty.  Numerous district courts have found that Tollett bars habeas challenges to sentences that were imposed pursuant to plea agreements.  See Trudeau v. Runnels, 2011 U.S. Dist. LEXIS 138890, *18-19 (E.D. Cal. 2011) (Tollett bars habeas challenge to enhanced sentence where petitioner pled guilty with full knowledge of how sentence was be structured in light of the prior convictions at issue)[8]; see also Diaz v. Lewis, 2013 U.S. Dist. LEXIS 186251, *15-16 (C.D. Cal. 2013) (Tollett bars habeas challenge to sentence specified in plea agreement); Dorsey v. Cullen, 2012 U.S. Dist. 185292,

---

[7] The record does not include a written plea agreement.
[8] Case No. 1:02-cv-05764 AWI BAM (HC), ECF No. 97 (Findings and Recommendations filed December 2, 2011), adopted by ECF No. 100 (Order Adopting Findings and Recommendations, filed September 4, 2012); see also ECF No. 107 (Order of USCA filed September 5, 2013) (denying Certificate of Appealability).

\*27-28 (C.D. Cal. 2012) (<u>Tollett</u> bars habeas challenge to stipulated sentence); <u>Barajas v. Castro</u>, 2002 U.S. Dist. LEXIS 2000, \*19-26 (N.D. Cal. 2002) (<u>Tollett</u> bars habeas challenge to custody-credit implications of bargained-for sentence).

<u>Tollet</u> does not apply where a plea was involuntary or induced by the ineffective assistance of counsel. <u>Mitchell v. Superior Court for County of Santa Clara</u>, 632 F.2d 767, 770 (9th Cir. 1980), <u>cert denied</u>, 451 U.S. 940 (1981). The petition here does not allege, or contain any facts suggesting, that petitioner's plea was involuntary or that his agreement to the state prison term was the result of ineffective assistance of counsel.

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and the plea, as a general rule, foreclose the collateral attack.

<u>United States v. Broce</u>, 488 U.S. 563, 572-74 (1989). Because petitioner's plea was counseled and there are no facts indicating it was involuntary, his collateral attack is foreclosed.

Because petitioner's sole claim for relief is barred by his plea, the court need not reach the other issues presented.

## CONCLUSION

It is HEREBY ORDERED that the Clerk randomly assign this case to a United States District Judge.

For all the reasons set forth above, IT IS RECOMMENDED that petitioner's application for federal habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to

1 which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the
2 applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §
3 2253(c)(3).  Any response to the objections shall be filed and served within seven after service of
4 the objections.  The parties are advised that failure to file objections within the specified time may
5 waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
6 1991).

7 DATED: March 12, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE